B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| **Eastern District of New York** | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Bnois Spinka** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**113039741** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**127 Wallabout Street<br>Brooklyn, New York**<br><br>ZIP CODE **11206** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☑ Chapter 11       Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13       Recognition of a Foreign<br>                             Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☑ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Bhois Spinka | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

     _____
     (Name of landlord that obtained judgment)

     _____
     (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

| Voluntary Petition | Name of Debtor(s) |
|---|---|
| *(This page must be completed and filed in every case.)* | Bnois Spinka |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    Telephone Number (if not represented by attorney)

    Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
    (Printed Name of Foreign Representative)

_____
    Date

### Signature of Attorney*

X _____
    Signature of Attorney for Debtor(s)
    Leo Fox, Esq.
    Printed Name of Attorney for Debtor(s)
    Leo Fox, Esq.
    Firm Name

    630 Third Avenue - 18th Floor
    New York, New York 10017
    Address
    212-867-9595
    Telephone Number
    07/16/2015
    Date 7/16/15

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual
    Jacob Feder
    Printed Name of Authorized Individual
    Secretary
    Title of Authorized Individual
    07/16/2015
    Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
    Signature

_____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## CORPORATE RESOLUTION

The undersigned is the Secretary of Bnois Spinka (the "Corporation") and is authorized to make this certification.   The undersigned certifies that on July 16, 2015, a Special Meeting of the Board was regularly and duly held at 127 Wallabout Street, Brooklyn, New York, 11206.

At said Meeting, a resolution was passed, as follows:

"RESOLVED, that the Secretary and the Board be and hereby is authorized and directed to file on behalf of the Corporation an application under Chapter 11 of the Bankruptcy Code and to take all steps necessary and proper for the filing of said application, including the retention of Leo Fox, Esq. located at 630 Third Avenue, New York, New York 10017 as attorney for the bankruptcy filing."

Dated:   Brooklyn, New York
         July 16, 2015

_____
Jacob Feder, Secretary

C:\Users\Stephanie\Desktop\Bnois Spinka\Corp. Res. - 7-15-15.docx

LEO FOX, ESQ. (LF-1947)
630 THIRD AVENUE, 18ᵀᴴ FLOOR
NEW YORK, NEW YORK 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:                                                                          Case No.:
                                                                                       Chapter 11 Reorganization

            BNOIS SPINKA,                                          **DECLARATION PURSUANT TO**
                                                                                       **LOCAL RULE 1007**

                                            Debtor.
-------------------------------------------------------------X
STATE OF NEW YORK           )
                                                        ss.:
COUNTY OF KINGS               )

            Jacob Feder, duly declares and affirms under penalty of perjury:

            1.            I, Jacob Feder, am the Secretary of the above proposed Debtor (the "Debtor" or

"Debtor-in-Possession"), a New York religious, not-for-profit corporation located at its offices at

127 Wallabout Street, Brooklyn, New York, 11206.   This affidavit is submitted by the Debtor-

in-Possession, pursuant to the E.D.N.Y. Local Bankruptcy Rules, in connection with the filing of

a Chapter 11 case by the above Debtor.

            2.            The Debtor is not a small business debtor within the meaning of the Bankruptcy

Code.

            3.            The Debtor is in the business of owning and operating religious institutions, such

as synagogues and schools, for its members.   The Debtor operates these functions out of three

locations: i) 127 Wallabout Street, Brooklyn, New York, a synagogue and girls' school

("Wallabout"), ii) 795 Kent Avenue, Brooklyn, New York, a boys' school ("Kent"), and iii) 5405

Route 42, South Fallsburgh, New York, a summer camp ("Fallsburgh").   This religious Debtor

C:\Users\Stephanie\Desktop\Bnois Spinka\Declaration7-15-15v.6.docx

has been operating and functioning since 1990, and is affiliated with the Spinka Hasadic Jewish sects.    The Spinka Hasadic sect was founded several hundred years ago in Europe and moved to the United States after World War II.    The purpose of the Debtor and the Spinka Hasadic sect is to further the religious activities and beliefs of its members.

4.    The Debtor is affiliated with the Krula Hasadic Jewish sect, specifically, two corporations, Cong. Khal Zichron Shmiel Zvi D'Krula and Yeshiva Nachlas Tzvi D'Krula.    In certain instances, the Debtor operates under the "Krula" name.

5.    As a non-profit entity, the Debtor generally pays its bills from donations, tuition, and membership fees.    The problem here arose in connection with the Debtor's giving a mortgage to Presidential Bank FSB (the "Bank") in March of 2007 in the amount of $3,075,000 for purposes of acquiring the Debtor's Fallsburgh property.    The Fallsburgh property operates as a retreat and camp in the summer months providing religious instruction for the members and the young students of the Debtor's synagogues and schools located in Brooklyn.    As part of that mortgage financing, the Bank demanded and obtained a collateral mortgage upon the Debtor's headquarters located at 127 Wallabout Street, Brooklyn, New York. The monthly payments were approximately $23,000.    The Bank is therefore secured by both the Wallabout and Fallsburgh properties.

6.    The Debtor continued to make payments until on or about September 2008, when it began experiencing financial difficulties arising out of the credit crisis in 2008.    Donations and tuitions dried up as the members and other charitable persons began feeling the adverse effects of the financial difficulties in the United States at the time.

7.    The Debtor and the Bank entered into a Forbearance Agreement.    The Debtor continued making payments.    However, in late 2012, the Debtor was required to expend funds to protect its installations in Brooklyn in conjunction with Hurricane Sandy.    This resulted in

delayed payments to the Bank.

8.     Additionally, the Debtor had been involved in a dispute with the Town of Fallsburgh (the "Town") regarding the payment of taxes.   The Debtor contended it was exempt and was not required to pay taxes as a not-for-profit religious corporation using the premises for non-profit purposes.   The Town contended, however, that the Debtor was required to pay taxes. In January 2011, the Debtor and the Town reached an agreement which exempted the Debtor from the payment of future real estate taxes as a tax exempt entity, but the Town required that the past due taxes of approximately $400,000 be paid as part of the arrangement.   The Debtor was compelled to make several large tax payments in late 2012 and early 2013 in order to avoid a tax lien foreclosure sale.

9.     As a result of the above difficulties, the Debtor continued to fall behind in payments to the Bank.   In February 2013, the Debtor made a payment of approximately $22,000 in an effort to begin catching up on the loan.   In June 2013, the Bank commenced a foreclosure action. During the negotiations with the Bank, the Bank obtained a judgment of foreclosure in February 2015.

10.     Negotiations commenced in early 2013 by the Debtor to settle the matter.   In 2014, the offers of a substantial down payment with a limited term were proposed by the Debtor and were rejected by the Bank.   Several proposals were made over the next several months.   In April of 2015, the Bank proposed that the Debtor put up very substantial funds as a down payment against a discounted settlement amount.   The Debtor proceeded to seek funds from its congregants in order to meet this initial requirement.   In June of 2015, the Debtor indicated that it could raise the substantial down payment required by the Bank referred above, as part of the discounted settlement amount, which convinced the Debtor's congregants to make donations

toward the down payment.   There then ensued a series of delayed intervals involving the Bank's submission of counter proposals.   These proposals continued up through July 15, 2015, at which time the Debtor realized the continual "negotiations" were nothing more than the Bank's proceeding to perfect its rights post-judgment.   There is a foreclosure sale scheduled for July 17, 2015.

11.    There is no unsecured creditors' committee or other committee of creditors.

12.    The statement of the Debtor's receipts and expenses is attached hereto.

13.    No property is within the possession of any party other than the Debtor.

14.    The Debtor's books and records are maintained by the Debtor or by Krula entities who may be involved in the operations.

15.    The Debtor's principal management and its history is identified above.

16.    The Debtor believes that it will be able to negotiate a settlement with its creditors and propose a viable and confirmable Plan of Reorganization.

Duly declared under penalty of perjury:
July 16, 2015

Name: Jacob Feder
Title:  Secretary

# Bnois Spinka
## Profit & Loss Forecast
### July 15 - August 15

| | |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| **Tuition** | 65,753.03 |
| Beabove | 10,601.00 |
| Operations receipts | 20,000.00 |
| Lunch Program | 59,105.00 |
| Donations | 20,000.00 |
| **Total Income** | 175,459.03 |
| | |
| **Expense** | |
| Liability Insurance | 5,000.00 |
| **Student Activity Programing** | 2,500.00 |
| Programs Expenses - Other | 1,012.00 |
| **Programs Expenses** | 7,662.00 |
| **Transportation Expenses** | 2,730.00 |
| Utilities | 9,104.00 |
| Maintenance | 425.90 |
| Food Expense | 32,050.00 |
| Hygene Activity | 200.00 |
| Childerns Activities | 4,950.00 |
| Icentive for Students | 650.00 |
| Printing and Copying | 2,000.00 |
| Students Misc. - Other | 100.00 |
| Total Office Supplies | 1,100.00 |
| Rent Office | 625.00 |
| Payroll Processing | 240.00 |
| Collecting Receivables | 1,200.00 |
| Advertising Expense | 300.00 |
| Operating Expenses - Other | 100.00 |
| Looking to Hire | 12.00 |
| Payroll | 34,800.00 |
| Parsonage | 62,500.00 |
| Workers' Compensation | 1,560.72 |
| **Total Expense** | 170,821.62 |
| | |
| **Net Ordinary Income** | 4,637.41 |

## BALANCE SHEET

### ASSETS

#### Real Property

| | |
|---|---|
| 127 Wallabout Street<br>Brooklyn, New York<br>Synagogue and Girls School | Estimated $8,000,000 |
| 795 Kent Avenue<br>Brooklyn, New York<br>Boys School | Estimated $5,000,000 |
| 5405 Route 42<br>South Fallsburgh, New York<br>Summer Camp | Estimated $2,500,000 |
| Seven (7) School Buses | Estimated $7,000 |
| Assorted Personalty<br>(Desks, chairs, kitchen, etc.) | Estimated $25,000 |
| Book Balance | Estimated $60,000 (including outstanding payroll) |
| Expected Tuition Payments | Estimated $350,000 |
| | TOTAL: $15,942,000 |

### LIABILITIES

| | | |
|---|---|---|
| **Secured** -- | Presidential Bank Mortgage | Approximately $3,978,844<br>(first mortgage) |
| | 5405 Route 42<br>South Fallsburgh, New York<br>(Primary) | |
| | 27 Wallabout Street<br>Brooklyn, New York<br>(Secondary) | |
| **Secured** – | 5405 Route 42<br>South Fallsburgh, New York | |

Quality Builders

Approximately $925,000 (second lien position)

**Secured** –     795 Kent Avenue
                  Brooklyn, New York

Cornell Management Mortgage
Secured - $1,300,000 Deposit - $300,000 redemption
(Cornell holds the deed in lieu of security)

Approximately $3,000,000

Real Estate Tax Liens and Taxes
(Disputed)

Approximately $1,600,000

**Unsecured Creditors**

$3,800,000

**Accounts Payable**

Approximately $893,000

**Payments for Unissued Payroll**

Approximately $260,000

**Current Payroll**

Approximately $50,000

**Uncashed Payroll** (prior to last two weeks)

Approximately $66,000

**Current Loans**

Approximately $752,000

**Construction Loans**

Approximately $194,000

**Additional Construction Loan**

Approximately $572,000

TOTAL $16,090,844